UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| HERBERT SAMUEL CHRISTENSEN, JR., <br>     Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br>     Defendants. | Civil No. 5: 11-321-KKC <br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon the motion of the United States to dismiss the complaint, or in the alternative for summary judgment. [R. 26] Plaintiff Herbert Samuel Christensen, Jr. has responded to the motion [R. 34] to which the United States has replied. [R. 42] Christensen has also filed a motion requesting the appointment of a podiatrist to perform a physical examination and to provide expert testimony. [R. 44] The United States has filed its response to his motion [R. 45] to which Christensen has replied. [R. 46] These matters are therefore ripe for adjudication.

**I**

Christensen is an inmate formerly confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Christensen filed a complaint asserting a number of claims arising out of his medical treatment at the prison, as well as his invocation of the prison's grievance system and his efforts to obtain copies of certain medical records. [R. 1] On August 26, 2013, the Court conducted the screening required by 28 U.S.C. §§ 1915(e)(2), 1915A, and dismissed all but one of those claims for failure to state a claim. [R. 12] Following service of process, the United States has filed a motion to dismiss the remaining claim, Christensen's claim under the Federal Tort Claims Act, 28 U.S.C. § 2671-80 ("FTCA") that the denial of composite toe work boots constituted medical negligence. [R. 26]

1

In his complaint, Christensen alleged that he has "had trouble with his feet" since August 25, 2005, which he attributes primarily to "his gait and step being affected from an old ankle injury." He also stated that in August and September 2005, a skin culture revealed that he had a staph infection on his foot, which took more than one course of antibiotics to resolve. [R. 1, pp. 32-33] On December 16, 2009, Christensen requested that his feet be checked to determine whether he needed medical shoes, a soft shoe pass, or insoles for his feet. Christensen indicated that an orthotic foot specialist examined him and, on April 28, 2010, his feet were measured for composite toe work boots, at which point a request was placed for their manufacture and purchase. [R. 28-9, p. 13] When his boots had not arrived within two months, on July 1, 2010, Christensen inquired as to when he would receive them. Christensen indicates that he was told that FMC's Clinical Director, Dr. Growse, had denied the request. [R. 1, pp. 33-34]

On February 21, 2011, Christensen mailed a Standard Form 95 to the BOP seeking administrative settlement of his claim that the denial of his "recommended medical boots" constituted negligence and that as a result he had suffered sores and pain. [R. 11-4, pp. 1-6] The BOP denied that claim on June 29, 2011. [R. 11-4, pp. 8-9]

The United States indicates that in response to a prison grievance Christensen filed on August 7, 2010, regarding this issue, the warden noted that his medical records did not show past subjective complaints of foot pain or any objective medical data indicating the need for custom medical boots, such as a foot deformity or an orthopedic problem. [R. 28, p. 6] Further, x-rays performed on July 6, 2010, revealed only minor arthritis in Christensen's left big toe. [R. 28-9, p. 20] The Clinical Director concluded from this information that Christensen did not meet the criteria for custom orthotics. [R. 28-5, pp. 2, 4] Specifically, Dr. Growse denied the request as medically unnecessary because Christensen's symptoms did not warrant the creation of "custom boots," and because "composite toe boots" – which are

2

manufactured like ordinary steel toe boots except that the cap is made of a lighter plastic or composite material – would not have addressed any of his medical symptoms. [R. 42-1, Growse Decl. at ¶¶4-6]

The defendant argues that subsequent medical records from 2010 through 2012 only reinforced the prior conclusion that composite toe work boots were not medically necessary. At a November 29, 2010, medical visit, Christensen reported that he had been exercising and was not experiencing swelling in his legs or feet. Christensen similarly reported exercising without difficulty or pain in his foot or ankle at medical appointments on January 5, 2011, and April 13, 2011. [R. 28-7, Brenner Decl. at pp. 3-4] Christensen did report tenderness in the second toe of his left foot during a February 17, 2012, examination, which was diagnosed as degenerative joint disease. Christensen was referred to physical therapy for treatment and provided with a pair of arch supports to alleviate any discomfort. *Id*. at p. 4.

## II

In its motion, the United States contends that it is entitled to summary judgment because Christensen has failed to provide expert testimony to establish the duty of care and a breach of it, and because Christensen has failed to establish any actual injury resulting from the refusal to provide him with composite toe boots.[1] [R. 28, pp. 13-22, pp. 22-24]

The Court must treat the United States' motion to dismiss the complaint as a motion for summary judgment under Rule 56 because it has attached and relied upon documents and declarations extrinsic to the pleadings in support of it. Fed. R. Civ. P. 12(d); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). A motion under Rule 56 challenges the viability of the another party's claim by asserting that at least one essential element of that

---

[1] It is unclear whether the United States is also arguing that Christensen failed to exhaust his administrative remedies. [*compare* R. 42, pp. 7-8 *with* R. 45, p. 1 n.1] Plaintiff's only surviving claim arises under the FTCA, which has its own statutory exhaustion requirement, 28 U.S.C. § 2675(a). This provision, rather than the general one found in 28 U.S.C. § 1997e(a), is the sole exhaustion requirement that must be satisfied prior to filing suit under the FTCA. *Cf. Macleod v. Grajales*, No. 6:13-CV-188-DCR, 2014 WL 1385249, at *3 (E.D. Ky. Apr. 8, 2014).

claim is not supported by legally-sufficient evidence. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). If the moving party demonstrates that there is no genuine dispute as to any material fact and that she is entitled to a judgment as a matter of law, she is entitled to summary judgment. *Kand Medical, Inc. v. Freund Medical Products, Inc.*, 963 F.2d 125, 127 (6th Cir. 1992).

The moving party does not need her own evidence to support this assertion, but need only point to the absence of evidence to support the claim. *Turner v. City of Taylor*, 412 F.3d 629, 638 (6th Cir. 2005). The responding party cannot rely upon allegations in the pleadings, but must point to evidence of record in affidavits, depositions, and written discovery which demonstrates that a factual question remain for trial. *Hunley v. DuPont Auto*, 341 F.3d 491, 496 (6th Cir. 2003); *United States v. WRW Corp.*, 986 F.2d 138, 143 (6th Cir. 1993) ("A trial court is not required to speculate on which portion of the record the non-moving party relies, nor is there an obligation to 'wade through' the record for specific facts.").

The court reviews all of the evidence presented by the parties in a light most favorable to the responding party, with the benefit of any reasonable factual inferences which can be drawn in his favor. *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). The court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). If the applicable substantive law requires the responding party to meet a higher burden of proof, his evidence must be sufficient to sustain a jury's verdict in his favor in light of that heightened burden of proof at trial. *Harvey v. Hollenback*, 113 F.3d 639, 642 (6th Cir. 1997); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1444 (6th Cir. 1993).

The FTCA renders the United States liable in tort for certain damages caused by the negligence of any employee of the government "if a private person, would be liable to the

claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Thus if a government employee's conduct in Kentucky would render him or her liable for negligence under Kentucky law, the United States may be held accountable in a tort action.

Because Christensen alleges that Dr. Growse's refusal to provide him with composite toe work boots was medically negligent, the Court looks to Kentucky's law of negligence to determine whether he has presented the essential components of his claim. 28 U.S.C. § 1346(b); *Rayonier Inc. v. United States*, 352 U.S. 315, 318 (1957). Under Kentucky law, to establish a *prima facie* case of medical malpractice a plaintiff must demonstrate "(1) the standard of care recognized by the medical community as applicable to the particular defendant, (2) that the defendant departed from that standard, and (3) that the defendant's departure was a proximate cause of the plaintiff's injuries." *Heavrin v. Jones*, 2003 WL 21673958, at *1 (Ky. App. 2003).

Except in rare circumstances, "the plaintiff ... is required to present expert testimony that establishes (1) the standard of skill expected of a reasonably competent medical practitioner and (2) that the alleged negligence proximately caused the injury." *Andrew v. Begley*, 203 S.W.3d 165, 170 (Ky. App. 2006); *see also Blankenship v. Collier*, 302 S.W.3d 665, 675 (Ky. 2012) ("[A] plaintiff bringing a typical medical malpractice case is required by law to put forth expert testimony to inform the jury of the applicable medical standard of care, any breach of that standard and the resulting injury."). The plaintiff can provide evidence of the applicable standard of care from a variety of sources. For instance, "the necessary expert testimony may be supplied by the defendant's admissions during discovery, or through medical evidence obtained from other treating physicians." *Vance By and Through Hammons v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) (*citing Perkins v. Hausladen*, 828 S.W.2d 652, 655-56 (Ky. 1992)).

5

Kentucky does recognize a "common knowledge" exception, obviating the need for expert testimony to establish the standard of care "where the common knowledge or experience of laymen is extensive enough to recognize or to infer negligence from the facts." However, the exception is very narrow, and is generally limited to circumstances involving obvious error by the physician, such as where a surgeon amputates the wrong limb or leaves a foreign object in the body. *Rose v. United States*, No. 09-104-ART, 2011 WL 839548, at *2 (E. D. Ky. Mar. 7, 2011). The common knowledge of a layman is not sufficient to make a determination regarding the proper treatment of Christensen's medical conditions, rendering this exception inapplicable to plaintiff's claims. *Cf. Blankenship*, 302 S.W.3d at 670-71; *Matthews v. Robinson*, 52 F. App'x 808, 810 (6th Cir. 2002) (holding that district court properly dismissed plaintiff's claim under the FTCA that BOP medical staff failed to provide adequate medical care by prescribing special shoes for his deformed feet where plaintiff did not provide expert testimony to establish deviation below standard of care and medical care provided was not so obviously negligent to fall within the province of a layman to determine).

Because Christensen has acknowledged the need for expert testimony to support his claim that the medical care given by the defendants fell below the applicable standard of care and caused his injuries but has failed to provide it, he has not established a *prima facie* case of medical negligence, and summary judgment is warranted. *Blankenship*, 302 S.W.3d at 671; *Andrew*, 203 S.W.3d at 170 ("To survive a motion for summary judgment in a medical malpractice case in which a medical expert is required, the plaintiff must produce expert evidence or summary judgment is proper."); *see also Baylis v. Lourdes Hosp., Inc.*, 805 S.W.2d 122, 124 (Ky. 1991) ("It is an accepted principle that in most medical negligence cases, proof of causation requires the testimony of an expert witness because the nature of the inquiry is such that jurors are not competent to draw their own conclusions from the evidence without the aid of such expert testimony.").

In his response to the United States' motion for summary judgment, Christensen indicated that because of his poverty, he cannot afford a podiatrist. [R. 34-1, p. 4] And in a document filed after completion of the briefing in this matter, citing Federal Rule of Civil Procedure 35 and Federal Rule of Evidence 706, Christensen requested that the Court appoint a podiatrist to examine his feet and testify to establish the standard of care, an expense which he indicated that he would pay for in "reasonable installments" after his release from prison. [R. 44]

The United States correctly responds that neither rule warrants the appointment of an expert at the expense of the opposing party or the Court. Rule 35 is a *discovery* tool designed to permit an opposing party to conduct a physical or mental examination of the other party; discovery is not required for a party to obtain such an examination of him or herself. *Moore v. Tanner*, No. 07-10442, 2007 WL 3203648, at *3 (E.D. Mich. Oct. 31, 2007) ("[Rule 35] was not drafted with the intent that it be utilized by a Plaintiff wishing to have himself/herself examined. Parties, if they are free of incarceration, can arrange for a medical or psychiatric evaluation without a court order. The rule also anticipates that the party seeking the examination pay for it. This Court has no funds for such purposes."); *Smith v. Carroll*, 602 F. Supp. 2d 521, 525-26 (D. Del. 2009) ("Rule 35, however, does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself."); *Brown v. United States*, 74 F. App'x 611, 614-15 (7th Cir. 2003) (holding that district court's refusal to appoint expert to examine plaintiff and establish standard of care in FTCA action did not violate plaintiff's rights to due process or of access to the courts). Likewise, Rule 706 permits the Court to appoint an expert witness to aid the Court, not a party, and requires his or her compensation to be taxed as a cost to the parties, not paid by the Court. Fed. R. Evid. 706(b), (c). *See Colton v. Scutt*, No. 10-CV-13073, 2012 WL 5383115, at *7 (E.D. Mich. Nov. 1, 2012) (*citing Dodson v. Wilkinson*, 304 F. App'x 434, 442 (6th Cir. 2008)), *aff'd*, *Colton v. Cohen*, 2013

WL 3724835, at *2 (E.D. Mich. July 15, 2013). Because indigent plaintiffs must still bear the costs incident to litigation, including the payment of witness fees, *Brown*, 74 F. App'x at 614-15, Christensen may not shift that expense to an opposing party or the Court.

Accordingly, **IT IS ORDERED** that:

1. Christensen's Request for Physical Examination by Podiatrist and Court-Appointed Testimony by Podiatrist Expert [R. 44] is **DENIED**.

2. The United States' Motion to Dismiss the Complaint, or in the Alternative for Summary Judgment [R. 26] is **GRANTED**.

3. Christensen's complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

4. The Court will enter a judgment contemporaneously with this Order.

5. This matter is **STRICKEN** from the active docket.

Entered April 16, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY